IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:23CR129 (RCY) |
| | ) | |
| GERALD KEMONDRE TAYLOR, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on a December 3, 2025 Petition on Supervised Release (ECF No. 54), and an April 8, 2026 Addendum to the Petition on Supervised Release (ECF No. 64). At the hearing on May 28, 2026, the Government orally moved to dismiss the violation charged in the Addendum, without prejudice; facing no objection from the Defendant, the Court granted the oral motion and DISMISSED the Addendum (ECF No. 64). Accordingly, the Court considers only the violations charged in the Petition (ECF No. 54), as follows:

| | |
|---|---|
| Mandatory Condition: | Use of Marijuana, Amphetamines, and Methamphetamines; |
| Special Condition: | Failure to Satisfactorily Participate in a Mental Health Treatment Program; |
| Special Condition: | Failure to Pay Special Assessment as Directed by the Probation Officer; |
| Standard Condition 2: | Failure to Report to the Probation Officer as Directed; and |
| Standard Condition 7: | Failure to Work Regularly. |

Based on the parties' proffers and the Defendant's admission of guilt to the alleged violations, the Court FINDS the Defendant GUILTY of violating the conditions set forth in the Petition (ECF No. 54) and so REVOKES the Defendant's supervised release.

Having considered the advisory revocation table range of 4 to 10 months and the statutory maximum term of imprisonment of 24 months, the arguments of counsel, and the applicable factors from 18 U.S.C. § 3553(a), as set forth in 18 U.S.C. § 3583(e), the Court FINDS that a sentence

that is sufficient but not greater than necessary in this case is 6 months imprisonment, with 30 months of supervised release to follow. As stated more fully from the bench, this sentence, which is within the advisory revocation table range, is based on the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need to avoid unwarranted sentencing disparities. The Court further takes into consideration the ability of this sentence to afford adequate deterrence of future criminal conduct and further protection for the public, and to provide the Defendant with future correctional treatment, as needed.

Defendant is accordingly SENTENCED to SIX (6) MONTHS of imprisonment, with THIRTY (30) MONTHS of supervised release to follow, subject to the same terms and conditions of supervised release as were originally imposed on the Defendant.

Let the Clerk send a copy of this Order to all counsel of record, the United States Marshals Service, and the United States Probation Office.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: May 28, 2026
Richmond, Virginia